```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
SABATINI FROZEN FOODS, LLC,                  :
                                             :
                         Plaintiff,          :
                                             :       MEMORANDUM & ORDER
            -against-                        :       14-CV-02111 (DLI)(CLP)
                                             :
WEINBERG, GROSS & PERGAMENT, LLP             :
& MARC ALAN PERGAMENT,                       :
                                             :
                         Defendants.         :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Sabatini Frozen Foods, LLC ("Plaintiff") commenced this action against the law firm of Weinberg, Gross & Pergament, LLP ("Weinberg"), and one of its members, Marc Alan Pergament ("Pergament," and together with Weinberg, "Defendants"), asserting a claim for actual and treble damages under New York Judiciary Law § 487 ("§ 487"). Plaintiff's complaint ("Complaint") alleges that Defendants engaged in deceit and other misconduct in the course of representing non-party Acme Cake Co., Inc. ("Acme"), as debtor, in a bankruptcy proceeding in which Plaintiff appeared as an unsecured creditor. Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of the Complaint based on the doctrine of collateral estoppel, or, in the alternative, on the ground that the Complaint fails to state a claim under § 487. Plaintiff opposes. For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

### I.   The Complaint

Invoking this Court's diversity jurisdiction, Plaintiff brought this suit alleging that Defendants colluded with one of Acme's directors to thwart Plaintiff's recovery on a judgment it

obtained in a breach of contract action against Acme.  (*See* Complaint ("Compl.") ¶¶ 16-18, Docket Entry No. 1.)  That prior action, in which Plaintiff prevailed on its claim that Acme breached a distribution agreement between the parties, resulted in a March 19, 2008 federal jury verdict (the "Federal Jury Verdict") awarding Plaintiff damages in the amount of $1,768,840.00.  (*Id.* ¶¶ 12-15; Certification of M. David Graubard in Opp'n to Defs.' Mot. to Dismiss ("Graubard Aff.") ¶ 2, Docket Entry No. 20.)

Shortly thereafter, in or around April 2008, Defendants were retained to file a petition ("Petition") under Chapter 11 of the Bankruptcy Code on behalf of Acme, and thereafter represent Acme in bankruptcy proceedings (the "Bankruptcy") before the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").  (Compl. ¶¶ 16-27; Graubard Aff. ¶¶ 8-10.)  By Notice of Appearance dated May 23, 2008, Plaintiff appeared as an unsecured creditor in the Bankruptcy.  (*See* Ex. C to the Affidavit of Robert J. Bergson in Supp. of Defs.' Mot. to Dismiss ("Bergson Aff."), Docket Entry No. 15.)  The Bankruptcy was contentious and proceeded without success until July 2010, when Plaintiff moved for dismissal of the Petition.  (*See* Ex. E to the Bergson Aff.)  In light of Acme's failure to offer a confirmable plan of reorganization, the Bankruptcy Court granted dismissal and ultimately closed proceedings in November 2010.  (*See* Ex. B to the Bergson Aff.)

In the instant action, Plaintiff alleges that the Bankruptcy was tainted from the outset by collusion between Defendants and William J. Wenzel ("Wenzel"), Acme's president at the time and one of the two members of its Board of Directors (the other being Thomas Semon ("Semon")).  (*See* Compl. ¶¶ 16-26; Graubard Aff. ¶¶ 2-9.)  To begin with, in order to satisfy a requirement of the Bankruptcy Court's local rules, Defendants filed the Petition with an accompanying corporate resolution on behalf of Acme (the "Corporate Resolution").  (Compl. ¶¶

2

21-24; Graubard Aff. ¶¶ 9-10.) Signed by Wenzel and dated April 2, 2008, the Corporate Resolution stated that at a "duly called meeting of the directors of [Acme]," it was resolved that: (*i*) Wenzel was "empowered to cause a petition under Chapter 11 of the Bankruptcy Code to be filed by [Acme]"; and (*ii*) Wenzel was authorized to take all necessary and proper action in connection with the Bankruptcy, including retaining Defendants to represent Acme in the proceedings. (*See* Ex. 3 to the Graubard Aff.)

Plaintiff alleges that the "duly called meeting" of Acme's directors never actually took place, as Semon himself later attested in various filings with the Bankruptcy Court. (Compl. ¶¶ 19-25; Graubard Aff. ¶¶ 9-12 with Ex. 4.) Moreover, Defendants allegedly knew that the Corporate Resolution was false but colluded with Wenzel to file it nonetheless, seeking to deceive the Bankruptcy Court into accepting the Petition. (*See* Compl. ¶¶ 25-26; Graubard Aff. ¶¶ 10-11.) Furthermore, at a May 9, 2008 meeting at Defendants' offices, Semon allegedly told Defendants that the Bankruptcy was not properly authorized and that he did not consent to it. (Compl. ¶¶ 28-30; Graubard Aff. ¶ 12.) Defendants nevertheless proceeded with the Bankruptcy over Semon's objection. (Compl. ¶ 30.)

Plaintiff further alleges, *inter alia*, that Defendants: (*i*) willfully delayed the Bankruptcy by failing to cooperate in discovery, withholding discoverable material, obstructing depositions, interfering with the creditors' committee, and filing meritless motions and un-confirmable plans of reorganization; (*ii*) filed flawed plans of reorganization for improper strategic purposes; (*iii*) made misrepresentations to the United States Trustee that appeared in the Bankruptcy; (*iv*) misinformed the Bankruptcy Court about the creditors' agreement to mediation; (*v*) agreed to a settlement in principle with Plaintiff that neither Defendants nor Acme had any intention of consummating; (*vi*) mischaracterized the prospects of settlement in statements to the Bankruptcy

3

Court; (*vii*) pursued mediation in bad faith to prolong the Bankruptcy; (*viii*) filed a motion to dispose of substantially all of Acme's assets without informing the Bankruptcy Court that the proposed sale was to insiders; (*ix*) falsely represented that Semon consented to the proposed sale; (*x*) proposed an amended plan of reorganization that was "improper" according to the Bankruptcy Court; (*xi*) undertook to file an amended plan of reorganization but never did; (*xii*) sought to convert the Bankruptcy to a Chapter 7 proceeding by "notice," rather than by motion as required; and (*xiii*) stood by idly as Acme made improper disbursements and allowed an unauthorized third party to use its assets. (*See id.* ¶¶ 31-34, 38.) Finally, Plaintiff alleges that Defendants filed an appeal from the Federal Jury Verdict without proper authorization from Acme's Board of Directors. (*Id.* ¶¶ 39-49.)

Plaintiff alleges that it directly incurred losses and suffered a diminution in the value of the Federal Jury Verdict due to Defendants' purported misconduct in the Bankruptcy. (*See id.* ¶¶ 36, 50-58.) In a subsequent involuntary bankruptcy brought against Acme, Plaintiff expects to recover only $90,000 to $100,000 of the $2,000,989.85 claim it originally filed against Acme. (*Id.* ¶¶ 50-57.) Plaintiff therefore seeks damages in this action "not less than $2,000,000, plus treble damages." (*Id.* ¶ 65.)

## II.     Plaintiff's Cross-Motion in the Bankruptcy

The allegations in the Complaint were previously raised by Plaintiff, in substantially the same form, in a cross-motion it filed in the Bankruptcy in opposition to a fee application submitted by Defendants. (*See* Ex. F to the Bergson Aff.) Like the Complaint, Plaintiff's cross-motion asserted a § 487 claim against Defendants. (*See id.*) However, Defendants ultimately withdrew their fee application and, therefore, the Bankruptcy Court declined to decide the cross-motion. (*See id.*; Ex. K to the Bergson Aff. at 26:23-27:1.)

4

Plaintiff also alleged in certain filings with the Bankruptcy Court that Acme had filed the Bankruptcy in bad faith. In particular, in post-argument briefing to resolve the question of whether dismissal of the Bankruptcy should be with or without prejudice, Plaintiff argued that Acme "ha[d] known all along it could not offer a [confirmable] plan," and was "tak[ing] advantage of the automatic stay" while "bogged down in the Chapter 11 process." (*See* Ex. H to the Bergson Aff. at 3.) The Bankruptcy Court ultimately ruled that dismissal with prejudice was not warranted. (*See* Ex. B to the Bergson Aff. at 14-16.) As the court explained: "Such relief is appropriate in circumstances where the debtor abused the bankruptcy process, for example, by filing in bad faith. There is no evidence in the record that [Acme] abused the bankruptcy process, and therefore, dismissal with prejudice is not warranted." (*See id.*) (internal citations omitted).

## DISCUSSION

**I.  Legal Standard**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

5

Under Rule 12(b)(6), a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

## II.  New York Judiciary Law § 487

In relevant part, § 487 provides that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and . . . forfeits to the party injured treble damages, to be recovered in a civil action." N.Y. Judiciary Law § 487 (McKinney 2015). "This law supports a civil action by a party to a litigation against the attorneys representing parties in the litigation, for any deceit or collusion practiced within New York's territorial borders on either the court or any party, and provides for a treble damage award in such an action." *Amalfitano v. Rosenberg*, 428 F. Supp. 2d 196, 207 (S.D.N.Y. 2006), *aff'd* 572 F.3d 91 (2d Cir. 2009) (quotation marks and citation omitted); *Melcher v. Greenberg Traurig, LLP*, 23 N.Y.3d 10, 12 (2014).

"The act of deceit need not occur during a physical appearance in court; the statute applies to any oral or written statement related to a proceeding and communicated to a court or party with the intent to deceive." *Amalfitano v. Rosenberg*, 533 F.3d 117, 123 (2d Cir. 2008) (certifying questions to the New York State Court of Appeals). While some courts have cited a requirement that the plaintiff show a "chronic and extreme pattern" of legal delinquency by the defendant, the statute itself supports liability for a "single intentionally deceitful or collusive act," if sufficiently egregious. *See Id.* at 123-24. In certain circumstances, deceptive acts punishable under the statute can include intentionally withholding information from the court. *See Amalfitano,* 428 F. Supp. 2d at 207; *Schindler v. Issler & Schrage, P.C.*, 262 A.D.2d 226, 229 (1st Dep't 1999). In all cases, the plaintiff must plead and establish actual damages caused by the deceit or collusion alleged. *See Amalfitano,* 428 F. Supp. 2d at 207; *Feldman v. Jasne*, 294 A.D.2d 307, 307 (1st Dep't 2002).

Turning to the instant action, Plaintiff essentially contends that § 487 permits it to challenge every aspect of the entire record of Defendants' representation of Acme during the Bankruptcy, and to obtain discovery regarding the same. (*See, e.g.,* Compl. ¶ 38.) That is a vastly overbroad reading of the statute. Moreover, this Court has serious concerns that Plaintiff is using this forum merely as an alternative avenue to recover amounts that it could not recover from Acme through the bankruptcy process. The frustrations Plaintiff supposedly encountered in trying to recover on its claim against Acme in the Bankruptcy are, in many respects, no different than those borne by any unsecured creditor in a bankruptcy proceeding. Yet, in this particular instance, those common frustrations led Plaintiff to repeatedly malign the professional conduct of attorneys involved in the Bankruptcy, absent what this Court considers an appropriate regard for the gravity of such accusations. *See, e.g.* Objection of Sabatini Frozen Foods, LLC to Fee

Application of Kelley Drye & Warren, LLP, *In re Acme Cake Co., Inc.*, 08-41965, Docket Entry No. 289 (Bankr. E.D.N.Y. Oct. 6, 2010); *see also* Declaration in Opposition to Application for Fees by Backenroth, Frankel & Krinsky, LLP, Docket Entry No. 214.[1]

Subject to the limited exception discussed below, Plaintiff's allegations in this action are similarly ill-considered and fall far short of the "strict test New York law imposes to satisfy § 487." *O'Callaghan v. Sifre*, 537 F. Supp. 2d 594, 597 (S.D.N.Y. 2008). Those allegations can be divided into three general categories: (a) allegations concerning Defendants' conduct during the Bankruptcy; (b) allegations concerning Defendants' unauthorized appeal; and (c) allegations concerning the fraudulent filing of the Bankruptcy.

### a. Allegations Concerning Defendants' Conduct During the Bankruptcy

The allegations in paragraphs 31 through 38 of the Complaint, concerning Defendants' conduct in the course of representing Acme in the Bankruptcy, "do not rise to the level of extreme misconduct contemplated by § 487." *See O'Callaghan*, 537 F. Supp. 2d at 596. That statute does not sweep so broadly as to permit a claim based on the mere contention that a defendant "obstruct[ed] the conduct of depositions," "fil[ed] meritless motions," agreed to mediation as a litigation tactic, or overstated the prospects for settlement. (*See* Compl. ¶¶ 32, 34.) Such allegations describe the inevitable concomitants of litigation in an adversarial system, not the "intentional egregious conduct" § 487 is intended to redress. *O'Callaghan*, 537 F. Supp. 2d at 596. As one court in this Circuit has observed, "not all unethical or sanctionable conduct necessarily violates § 487." *Amalfitano*, 428 F. Supp. 2d at 208; *see also Seldon v. Lewis*

---

[1] In ruling on the instant motion to dismiss, the Court may properly take judicial notice of these and other filings from the Bankruptcy. *See Konrad v. Epley*, 2013 WL 6200009, at *8 n.5 (E.D.N.Y. Nov. 25, 2013), *aff'd* 586 F. App'x 72 (2d Cir. 2014) ("Court records and other public records are facts of which a court may properly take judicial notice pursuant to Rule 201.")

*Brisbois Bisgaard & Smith LLP*, 116 A.D.3d 490, 491 (1st Dep't 2014) (affirming dismissal of § 487 claims, but upholding imposition of sanctions).

Furthermore, Plaintiff fails to plead sufficient facts in paragraphs 31 through 38 "demonstrating that [Defendants] had the intent to deceive the court or any party." *Agostini v. Sobol*, 304 A.D.2d 395, 396 (1st Dep't 2003) (internal quotation marks omitted); *see also Amalfitano v. Rosenberg*, 12 N.Y.3d 8, 14, 874 N.Y.S.2d 868 (2009); *Moorman v. Perini & Hoerger*, 65 A.D.3d 1106, 1108 (2nd Dep't 2009) ("A violation of Judiciary Law § 487 requires an intent to deceive."); *Alliance Network, LLC v. Sidley Austin LLP*, 43 Misc.3d 848, 859 (Sup. Ct. New York Cnty. 2014). Those allegations all relate to Defendants' alleged statements or conduct in the context of advocating for Acme within the confines of a quasi-adversarial proceeding. *See, e.g., In re Penn-Dixie, Inc.*, 9 B.R. 936, 938 and n.3 (S.D.N.Y. 1981) (noting the "quasi adversarial" nature of the relationship between the debtor and a creditors' or equity security holders' committee in a bankruptcy). New York law permits attorneys wide latitude to practice vigorous advocacy in that context and, thus, will not infer an intent to deceive from conduct falling "well within the bounds of the adversarial proceeding." *Haggerty v. Ciarelli & Dempsey*, 374 F. App'x 92, 93 (2d Cir. 2010) (quoting *Lazich v. Vittoria & Parker*, 189 A.D.2d 753, 754 (2nd Dep't 1993)).

In particular, the statements allegedly made by Defendants that are identified in paragraphs 31 through 38 of the Complaint do not evince any intentional deceit with respect to an undisputed fact within Defendants' personal knowledge. Instead, they reflect Defendants' positions concerning contested issues in the Bankruptcy or unsettled matters in negotiations between the parties to that proceeding. As such, Defendants' alleged statements are distinguishable from those that other courts have found to be actionable under § 487. *See, e.g.,*

9

*Kurman v. Schnapp*, 73 A.D.3d 435, 435-36 (1st Dep't 2010) (attorney filed allegedly fictitious letter with court); *Cooke-Zwiebach v. Oziel*, 33 Misc.3d 1232[A], at *8 (Sup Ct. N.Y. Cnty. Dec. 2, 2011) (attorney intentionally misrepresented to the court that he represented a party to the action.)

Finally, prudential limitations on standing require that a party assert only his own legal rights and interests, and not those of a third party. *See In re Bernard L. Madoff Inv. Secs. LLC*, 721 F.3d 54, 58 (2d Cir. 2013) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)); *Gache v. Hill Realty Assocs., LLC*, 2014 WL 5048336, at *5 (S.D.N.Y. Sept. 22, 2014). That principle precludes Plaintiff from asserting an individual right to recover for misconduct by Defendants that allegedly impeded the administration of the Bankruptcy as a whole. (*See* Compl. ¶ 33.) Because such misconduct would have "impair[ed] the rights of all creditors generally," any resulting cause of action "inure[d] not to the special benefit of [Plaintiff], but for the general benefit of the bankruptcy estate." *See In re Brosnahan*, 376 B.R. 387, 390 (dismissing § 487 claim based on alleged misconduct in the context of bankruptcy proceeding). Therefore, Plaintiff lacks standing to seek a recovery in its individual capacity for the harm alleged in paragraphs 31 through 38 of the Complaint. For all the reasons stated, Plaintiff fails to state a claim under § 487 with respect to those allegations.

### b. *Allegations Concerning Defendants' Unauthorized Appeal*

The allegations in paragraphs 39 through 49 of the Complaint amount to an accusation that Defendants pursued an appeal from the Federal Jury Verdict without obtaining proper corporate authorization from Acme. However, Plaintiff fails to adequately allege that Defendants' filing of an unauthorized appeal was an act of intentional deceit, as opposed to an act that simply was non-compliant with corporate formalities or practice. Plaintiff also fails to

plead damages specifically arising from the conduct alleged in paragraphs 39 through 49 of the Complaint.  *See Strumwasser v. Zeiderman*, 102 A.D.3d 630, 631 (1st Dep't 2013); *see also Amalfitano,* 428 F. Supp. 2d at 207.  Accordingly, Plaintiff fails to state a claim under § 487 with respect to those allegations.

### c. *Allegations Concerning the "Fraudulent" Initiation of the Bankruptcy*

Notwithstanding the foregoing, under the liberal pleading standard provided for by Rule 8(a)(2) of the Federal Rules of Civil Procedure, the Court is constrained to find that Plaintiff adequately pleads a violation of § 487 based on its claim that Defendants initiated the Bankruptcy by deceitful means.

Shorn of its overbroad allegations, the Complaint at its core alleges that:  (*i*) Defendants filed the Petition with an attached Corporate Resolution, as required by the local rules of the Bankruptcy Court; (*ii*) the Corporate Resolution stated that a meeting of Acme's directors was held to authorize the filing of the Petition and the retention of Defendants as debtor's counsel; (*iii*) Defendants knew when filing the Corporate Resolution that it was false and that the meeting of Acme's directors to which it referred never actually took place; (*iv*) Defendants nevertheless filed the Corporate Resolution in collusion with one of Acme's directors in order to deceive the Bankruptcy Court into accepting the Petition; (*v*) Acme's other director subsequently told Defendants that the Bankruptcy was not properly authorized and that he did not consent to it; and (*vi*) Plaintiff suffered damages as a result of Defendants' deceit. (*See* Compl. ¶¶ 16-30, 36, 55-58.)

Those allegations adequately set forth an act of intentional deceit by Defendants.  Other courts have reached the same conclusion on the basis of similar allegations that a defendant filed a false instrument with the court, or colluded with a party to subvert the court's rules or

11

authority.  *See, e.g., M'Baye v. New Jersey Sports Prod., Inc.*, 2007 WL 431881, at *13 (S.D.N.Y. Feb. 7, 2007); *Rock City Sound, Inc., v. Bashian & Farber, LLP*, 74 A.D.3d 1168, 1172 (2nd Dep't 2010); *Kurman*, 73 A.D.3d at 435.

Whether Plaintiff adequately pleads damages proximately caused by Defendants' alleged deceit presents a closer question.  Apparently, Plaintiff's theory of damages is that the Bankruptcy could not have been commenced, or otherwise would have proceeded differently, but for Defendants' filing of the allegedly deceptive Corporate Resolution.  If not for Defendants' deceit, therefore, Plaintiff could have had a greater recovery on the Federal Jury Verdict and would not have incurred certain costs and expenses associated with the Bankruptcy.  (*See* Compl. ¶¶ 7, 25-26, 36, 55-58, 64-65.)  While the Court finds that theory problematic, its skepticism must yield to the well settled principle that all reasonable inferences must be drawn in favor of the plaintiff on a motion to dismiss.  *See Abiuso v. Donahoe*, 2015 WL 3487130, at *2 (E.D.N.Y. June 3, 2015) (citing *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006)).  Accordingly, having adequately pleaded an injury proximately caused by Defendants' intentional deceit, Plaintiff states a viable claim under § 487 with respect to its allegation that Defendants filed the Corporate Resolution knowing that it was false.

Defendants nonetheless argue that Plaintiff's claim fails because their reliance on Wenzel's apparent authority to commence the Bankruptcy was at worst unfounded, rather than intentionally deceptive.  That argument is unavailing, however, because it necessarily implicates questions of fact unsuitable for determination on a motion to dismiss.  Moreover, Defendants' reliance on Wenzel's authority would be entirely beside the point if they knew that the Corporate Resolution was false but filed it anyway.  That is the allegation in the Complaint and, thus, Defendants' argument is largely inapposite.

Defendants further argue that, even if the Bankruptcy was commenced on false pretenses, it did not proximately cause Plaintiff any injury because Semon ultimately ratified the Bankruptcy by his acquiescence to its filing. However, the record in the Bankruptcy reflects that Semon did, in fact, object to its filing and to the alleged falsity of the Corporate Resolution. (*See* Ex. 4 to the Graubard Aff.); *see also* Objection of Thomas Semon to Disclosure Statement, *In re Acme Cake Co., Inc.*, 08-41965, Docket Entry No. 66 (Bankr. E.D.N.Y. January 13, 2009); Certification of Thomas Semon in Opp'n to Fees, Docket Entry No. 208 (Bankr. E.D.N.Y. July 9, 2010); Letter of Thomas Semon, Docket Entry. No. 255 (Bankr. E.D.N.Y. August 10, 2010.) Whether Semon by his earlier inaction ratified the Bankruptcy, and thereby supplied an "intervening and superseding cause" of Plaintiff's damages, presents yet another question of fact that cannot be resolved at this stage of the litigation. (*See* Defs.' Mem. in Supp. of Mot. to Dismiss, at 16, Docket Entry No. 15-13.)

Finally, the considerations of prudential standing previously discussed herein do not foreclose Plaintiff from asserting a claim based on Defendants' filing of the allegedly deceptive Corporate Resolution. That claim alleges an injury suffered uniquely by Plaintiff—namely, that Defendants filed the Bankruptcy on false pretenses to thwart Plaintiff's recovery on the Federal Jury Verdict, in part by attempting to use the automatic stay to avoid posting bond for an appeal from that Verdict. (*See* Compl. ¶¶ 16-25; Graubard Aff. ¶ 11.) As such, Plaintiff alleges an injury for which it theoretically has a right to recover in its individual capacity.

### III.   Collateral Estoppel

The doctrine of collateral estoppel precludes a party from re-litigating issues of fact or law already resolved by a prior court determination. Federal principles of collateral estoppel, which establish the preclusive effect of a prior federal judgment, require that: "(1) the identical

issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *Purdy v. Zeldes*, 337 F.3d 253, 258 and n.5 (2d Cir. 2003)).

Relying on those principles, Defendants argue that Plaintiff's claim in this action is barred by the Bankruptcy Court's October 18, 2010 ruling that dismissal of the Bankruptcy "with prejudice" was not warranted. According to Defendants, that ruling forecloses Plaintiff's claim because it required a determination that neither Acme, nor Defendants by extension, filed the Bankruptcy in bad faith or abused the bankruptcy process. The Court agrees with Defendants to the limited extent that the Bankruptcy Court's October 18, 2010 ruling lends support to a determination that the bulk of the allegations in the Complaint do not identify conduct so extreme as to be punishable under § 487. The Court nevertheless declines to give that ruling preclusive effect with respect to Plaintiff's claim that Defendants filed the allegedly deceptive Corporate Resolution.

The portion of the Bankruptcy Court's ruling relied upon by Defendants consisted of a mere two sentences stating that dismissal of the Bankruptcy was not warranted in Acme's case because there was "no evidence in the record that [Acme] abused the bankruptcy process." (*See* Ex. B to the Bergson Aff. at 14-15.) The court provided no further elaboration concerning its rationale or the scope of what it considered in reaching its determination. Nor did the court clarify what it meant by "abuse[ ] of the bankruptcy process," a broad term conceivably encompassing conduct ranging from the sort alleged in the Complaint, to simply a debtor's filing of a petition with marginal prospects for successful reorganization. *See, e.g., In re Stamford*

14

*Color Photo, Inc.*, 105 B.R. 204, 207-08 (Bankr. D. Conn. 1989) (enumerating factors indicative of a "bad faith" bankruptcy filing.) Therefore, the Bankruptcy Court's ruling does not provide sufficient detail to allow this Court to give it the preclusive effect Defendants urge. *See In re Bressler*, 387 B.R. 446, 457 (Bankr. S.D.N.Y. 2008).

Moreover, Defendants fail to demonstrate that Plaintiff's claim in this action is identical to an issue actually litigated and decided in the Bankruptcy. The Bankruptcy Court's Oct. 18, 2010 ruling settled a dispute between the parties as to whether dismissal of the Bankruptcy should be with or without prejudice. In briefing the issue, the parties' arguments focused on whether dismissal with prejudice was within the scope of relief sought by Plaintiff when it requested that the Bankruptcy Court dismiss the Bankruptcy and provide "*such other and further relief as may be proper.*" (*See* Exs. H and I to the Bergson Aff.) (emphasis added). In support of its position, Plaintiff alleged that Acme lacked a good faith basis for filing the Bankruptcy because it knew from the start it could not offer a confirmable reorganization plan. (*See* Ex. H to the Bergson Aff. at 3.) The Complaint in this action raises a similar allegation, but also includes numerous other allegations concerning Defendants' purported misconduct that Plaintiff never raised in connection with its application to dismiss the Bankruptcy with prejudice.

Furthermore, it was understandable for Plaintiff not to raise Defendants' alleged misconduct in that context, as that same issue was concurrently before the Bankruptcy Court by virtue of a pending cross-motion that Plaintiff filed in response to a fee application submitted by Defendants. The cross-motion asserted a § 487 claim against Defendants based on many of the same allegations that comprise the Complaint in this action, including that Defendants filed the allegedly deceptive Corporate Resolution. However, the Bankruptcy Court never decided Plaintiff's cross-motion. Instead, it permitted Defendants to withdraw their fee application on

15

the condition they did so without prejudice to Plaintiff's right to pursue a § 487 claim in a plenary proceeding. (*See* Ex. K to the Bergson Aff. at 27:17-19.) Under such circumstances, the Court declines to find that the issues underlying Plaintiff's claim in this action were actually litigated and decided in the Bankruptcy. Thus, the requirements for collateral estoppel are not met.

## CONCLUSION

In accordance with the foregoing, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff may proceed in this action on its claim that Defendants' filing of the Corporate Resolution violated § 487. The remaining grounds for relief alleged in the Complaint are dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       September 23, 2015

/s/
DORA L. IRIZARRY
United States District Judge

16