UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
SABATINI FROZEN FOODS, LLC,          :
                                      :
                    Plaintiff,       :
                                      :         **SUMMARY ORDER**
         -against-                    :         14-CV-02111 (DLI)(ST)
                                      :
WEINBERG, GROSS & PERGAMENT, LLP &:
MARC ALAN PERGAMENT,                 :
                                      :
                    Defendants.      :
----------------------------------------------------------- x

**DORA L. IRIZARRY, Chief U.S. District Judge:**

On September 23, 2015, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint (the "Decision").[1] (*See* 09/23/15 Mem. & Or., Dkt. Entry No. 23.) The Complaint asserted a claim for actual and treble damages under New York Judiciary Law § 487 and contained three main categories of allegations. (*Id.* at 8.) In the Decision, the Court permitted Plaintiff to proceed only with respect to allegations concerning the fraudulent filing of the Bankruptcy and dismissed the other two categories of allegations for failure to state a claim. (*Id.* at 8-13.) In holding that Plaintiff's surviving category of allegations sufficiently stated a claim, the Court found that "[w]hether Semon by his earlier inaction ratified the Bankruptcy, and thereby supplied an 'intervening and superseding cause' of Plaintiff's damages, presents yet another question of fact that cannot be resolved at this stage of the litigation." (*Id.* at 13.) Defendants now seek reconsideration of this portion of the Decision. (*See* Mot. For Recons. ("Defendants' Mot.") Dkt. Entry No. 26.) Plaintiff opposes. (Dkt. Entry. No. 27.) For the reasons set forth below, Defendants' motion for reconsideration is denied.

---

[1] This Order is written for the parties and familiarity with the underlying facts and circumstances of this action is assumed. For a full discussion of this action, see the Decision. The Court incorporates all party-name abbreviations and designations from the Decision in this Order.

**DISCUSSION**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)). "[A] motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp.2d 261, 287 (E.D.N.Y. 2013).

Defendants' basis for reconsideration is that the Court overlooked "the principle that in the bankruptcy context, repudiation does not occur until the objecting party 'seek[s] relief' from the bankruptcy court based on the debtor's alleged lack of authority to file the bankruptcy." (Defendants' Mot., at 3.) According to Defendants, had the Court considered this principle, it would have concluded that Semon's ratification of the Bankruptcy constituted an intervening and superseding cause of Plaintiff's alleged damages and dismissed the claim. (*Id.* at 7.)

Defendants' argument does not meet the strict standard for reconsideration. Defendants fail to point to any controlling law that the Court overlooked or a clear error that the Court committed in rendering the Decision. In seeking reconsideration, Defendants rely on the same cases that they relied on in their motion to dismiss, a fact conceded by Defendants. (*See* Mot. For Recons., at 4 n. 3.) These cases are either not controlling or are inapposite. For example,

Defendants rely on *In re Scotto*, 2010 WL 1688743, at *12 (Bankr. E.D.N.Y. Apr. 26, 2010), which held that the debtor's inaction "effectively affirmed the act which he alleges was unauthorized," *Id.,* and on *In re Martin-Trigona*, 760 F.2d 1334, 1341 (2d Cir. 1985), which stated that, "If a corporation acquires or is charged with knowledge of an unauthorized act undertaken by someone on its behalf, and does not repudiate that act within a reasonable time, but instead acquiesces in it, the corporation is bound by the act." *Id.* Neither case addresses the precise question the Court found presented an issue of fact in ruling on the motion to dismiss: whether Semon's inaction supplied an intervening and superseding cause of Plaintiff's damages. Put differently, neither decision addresses whether a third party is prevented from recovering damages when another party's acquiescence ratifies a Bankruptcy. Defendants' reliance on *RLI Ins. Co. v. Athan Contracting Corp.*, 667 F. Supp.2d 229, 236 (E.D.N.Y. 2009), similarly is misplaced because that case resolved the ratification issue on summary judgment and not on a motion to dismiss.

The other cases cited by Defendants, *Hager v. Gibson*, 108 F.3d 35, 40 (4th Cir. 1997) and *In re Horob Livestock, Inc.*, 2007 WL 2783361, at *3 (Bankr. D. Mont. Sept. 21, 2007), are not binding because they are not from either the Supreme Court or the Second Circuit. *See DirecTV, LLC v. Borbon*, 2015 WL 7281636, at *1 (E.D.N.Y. Nov. 16, 2015) ("Plaintiff exclusively points to decisions by other district courts, which constitute persuasive, not controlling authority."); *Taylor v. Cuomo,* 2008 WL 63283, at *2 (E.D.N.Y. Jan. 3, 2008).

Finally, and significantly, Defendants simply repackaged the arguments they made in their motion to dismiss to express their disagreement with this Court's finding. When moving to dismiss, Defendants argued that, "[W]hether Acme authorized Defendants to commence the Bankruptcy proceeding is a non-issue because Semon's extended acquiescence to the Bankruptcy constitutes ratification of Acme's Bankruptcy filing as a matter of law[.]" (*See* Dkt. Entry No. 16,

at 15-16.)  Now, in hindsight and with the benefit of the Court's decision, Defendants reword that argument and assert that Semon was required to repudiate the Bankruptcy affirmatively and that his failure to do so ratified the Bankruptcy.  (*See* Defendants' Mot., at 6-7.)  A motion for reconsideration is not an invitation either to relitigate an issue, take a second bite at the apple, or disagree with the Court's prior decision.  *See Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (Summary Order).  Without presenting any precedent, which is contrary to this Court's finding, the motion for reconsideration must be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 1, 2016

/s/
DORA L. IRIZARRY
Chief Judge